UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
WILLIAM D. PAUL,                    )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )    Civil Action No. 10-1671 (PLF)
                                    )
DISTRICT OF COLUMBIA,               )
                                    )
    Defendant.                      )
_____ )

MEMORANDUM OPINION

        This matter is before the Court on defendant District of Columbia's motion to dismiss. Also before the Court are plaintiff William D. Paul's motion to restore entry and his motion for default, as well as the District's motion to strike Mr. Paul's surreply. Upon careful consideration of the parties' papers, the relevant legal authorities, and the entire record in this case, the Court will grant the District's motion to dismiss. The Court will also grant Mr. Paul's motion to restore entry, deny Mr. Paul's motion for default, and deny as moot the District's motion to strike.[1]

---

[1] The papers reviewed in connection with the pending motions include: Mr. Paul's amended complaint filed in the Superior Court of the District of Columbia ("Sup. Ct. Compl."); his complaint in this Court ("Compl.") [Dkt. No. 2]; his amended complaint ("Am. Compl.") [Dkt. No. 4]; the District of Columbia's motion to dismiss ("MTD") [Dkt. No. 7]; Mr. Paul's response ("Response") [Dkt. No. 8]; the District's reply to Mr. Paul's response ("Reply") [Dkt. No. 10]; Mr. Paul's surreply ("Surreply") [Dkt. No. 13]; the District's motion to strike surreply ("MTS") [Dkt. No. 15]; Mr. Paul's motion for default ("MD") [Dkt. No. 12]; and his motion to restore entry ("MRE") [Dkt. No. 9]. Because the amended complaint contains only two short paragraphs that alter the original complaint, this Court will use the original complaint to refer to Mr. Paul's allegations. In addition, Mr. Paul's motion for default [Dkt. No. 12] and his surreply [Dkt. No. 13] are the same document; the Court will treat the first two pages of this document as the motion for default and the remainder of the document (following the heading "Plaintiff's

I.  BACKGROUND

*Pro se* plaintiff William D. Paul brings this action against the District of Columbia, seeking damages for an incident in which he was allegedly searched, detained, and deprived of his property by two officers of the District of Columbia Metropolitan Police Department in violation of his Fourth and Fourteenth Amendment rights.  Compl. at 1-3.  Mr. Paul alleges that on July 25, 2008, he was sitting under a tree "adjacent to a public sidewalk situated at the edge of private or abandoned property" when two officers approached him and claimed that he "was in violation of the law because of his presence on the property."  Id. at 1.  The officers questioned Mr. Paul, and, after he refused to identify himself verbally, they "thoroughly searched [his] wallet" and belongings and arrested him on charges of unlawful entry.  Id. at 2.  Mr. Paul alleges that the officers violated his constitutional rights, id. at 2-3, and he further states that their actions were committed in accordance with a discriminatory program enacted by the District of Columbia to harass and obtain information from homeless individuals and to arrest them on trumped-up charges if they refuse to comply.  Id.[2]

On July 29, 2008, Mr. Paul filed a complaint with the Office of Police Complaints ("OPC") detailing these events, see Am. Compl., Ex. H (OPC Complaint Form), and on

---

Reply to the District's Reply to his Response to its Motion to Dismiss Amended Complaint") as the surreply.

[2]  While Mr. Paul does not explicitly allege that the District's policy was designed to target homeless individuals, the Court infers this theory from the complaint, as Mr. Paul alleges that the police harass individuals "who fit a general profile" and that he "fit that profile on the basis of his appearance and the personal items that could be readily observed in his possession."  Compl. at 1.  He further notes in his response to the District's motion to dismiss that at the time of his arrest, he was "casually dressed and in possession of bags . . . that were discovered to contain items that reinforced . . . the stereotype associated with his profile."  Response at 10.

2

November 8, 2009, the OPC dismissed the complaint. See Response, Ex. H(2) (letter from OPC). Mr. Paul also filed a complaint in the Superior Court of the District of Columbia, naming the District as the defendant. See Sup. Ct. Compl. There, he alleged that the District approved of "renegade identification practices — consisting of retaliatory measures as a last resort — which led to . . . [his] being searched, falsely arrested and [to] his property [being] unlawfully seized on July 25, 2008 in violation of his Constitutional Rights." Id. He also alleged that the District engaged in unlawful "identification practices" that "entail harassment" and "discrimination[.]" Id. On October 19, 2009, his complaint was dismissed with prejudice for failing to comply with the notice requirements set forth in D.C. Code § 12-309. See Compl., Ex. A (Superior Court Order). Mr. Paul subsequently filed an appeal, and the District of Columbia Court of Appeals affirmed the dismissal on May 3, 2010. See Compl., Ex. B (Court of Appeals Judgment).

On September 30, 2010, Mr. Paul filed a complaint in this Court alleging violations of his Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. He filed an amended complaint on October 12, 2010, and shortly thereafter the District moved to dismiss. Mr. Paul's response and the District's reply followed, and on December 27, 2010, Mr. Paul filed a motion to restore entry, requesting that the Court consider an addendum to his response, which he believed was accidentally deleted from the document he originally filed. See MRE. On January 26, 2011, Mr. Paul filed a surreply without obtaining leave of Court. On the same day, Mr. Paul also filed a motion for default, alleging that the entry of default was appropriate because the District had failed to conform to the doctrine of exhaustion. See MD. On February 17, 2011, the District filed an opposition to Mr. Paul's motion for default and a

motion to strike his unauthorized surreply. See MTS. These matters are now ripe for decision by this Court.[3]

## II. DISCUSSION

### A. Standard of Review

Because Mr. Paul is proceeding *pro se*, "the Court reviews his filings under less stringent standards than formal pleadings or legal briefs drafted by lawyers." Koch v. Schapiro, 699 F. Supp. 2d 3, 7 (D.D.C. 2010) (internal quotation marks and citation omitted). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed if the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although "detailed factual

---

[3] Although Mr. Paul's complaint involves the same July 2008 incident on which his Superior Court action was based, see Sup. Ct. Complaint, and although Mr. Paul's allegations and constitutional claims are similar to those raised in the previous action, see id., his lawsuit is not barred by res judicata. Mr. Paul's prior complaint was dismissed for failure to comply with D.C. Code § 12-309. While dismissal pursuant to that section does constitute a final judgment on the merits, see Moment v. District of Columbia, No. 05-2470, 2007 WL 861138, at *4 (D.D.C. Mar. 20, 2007) (citing Group Health Ass'n, Inc. v. Dist. of Columbia Gen. Hosp., 540 A.2d 1104, 1106 (D.C. 1988)), and while the other two prerequisites of claim preclusion are also met, see Smith v. District of Columbia, 629 F. Supp. 2d 53, 58 (D.D.C. 2009), failure to comply with Section 12-309 does not bar federal claims, including constitutional claims such as those brought by Mr. Paul. Barnhardt v. District of Columbia, 560 F. Supp. 2d 15, 19 n.2 (D.D.C. 2008) (citing Brown v. United States, 742 F.2d 1498, 1510 (D.C. Cir. 1984)); accord Cox v. District of Columbia, No. 91-2004, 1991 WL 258173, at *6 n.3 (D.D.C. Nov. 22, 1991) ("It is well-settled that noncompliance with the notice requirements of Section 12-309 cannot bar federal claims against the District.").

4

allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, Bell Atlantic Corp. v. Twombly, 550 U.S. at 555, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "[S]omething beyond . . . mere possibility . . . must be alleged[.]" Bell Atlantic Corp v. Twombly, 550 U.S. at 557.

In considering a motion to dismiss under Rule 12(b)(6), the Court may consider "facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." E.E.O.C. v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997). It must also "accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. The complaint should be "construed liberally in the [plaintiff's] favor, and [the Court should] grant [the plaintiff] the benefit of all inferences that can be derived from the facts alleged." Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the Court is not required to accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions. See Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.

*B. Municipal Liability Under 42 U.S.C. § 1983*

To state a claim under Section 1983, a plaintiff must allege a deprivation of "rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of state, territorial, or District of Columbia law, 42 U.S.C. § 1983, or a practice "'so permanent and well settled as to constitute a "custom or usage" with force of law.'" Harris v.

District of Columbia, 696 F. Supp. 2d 123, 129 (D.D.C. 2010) (quoting Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978)).

"In order to hold a municipality liable for a civil rights violation under Section 1983, the municipality must have acted in accordance with a 'government policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" Chen v. Monk, 701 F. Supp. 2d 32, 37 (D.D.C. 2010) (quoting Monell v. Dep't of Social Servs., 436 U.S. at 694). Moreover, "[t]o survive a motion to dismiss, a complaint asserting a Section 1983 claim against the District of Columbia must allege that a policy that resulted in the alleged constitutional violation existed." Id. Causation would exist if, "for instance, the municipality or one of its policymakers explicitly adopted the policy that was 'the moving force of the constitutional violation.'" Warren v. District of Columbia, 353 F.3d 36, 39 (D.C. Cir. 2004) (quoting Monell v. Dep't of Social Servs., 436 U.S. at 694). "Proof of a single incident of unconstitutional activity is insufficient to impose liability unless there is proof that there was a policy in place that was unconstitutional." Tabb v. District of Columbia, 605 F. Supp. 2d 89, 96 (D.D.C. 2009) (citing Monell v. Dep't of Social Servs., 436 U.S. at 694).

Mr. Paul alleges that the officers responsible for his search and arrest acted "under the influence of [the District's] orders" to execute a discriminatory program. Compl. at 1. He contends that the District's program is designed to "secure specific personal information from persons who fit a general profile" and to harass and arrest them on trumped-up charges if they do not comply with the officers' requests. Id. at 1-2. Accordingly, Mr. Paul asserts that the District, by overseeing the discriminatory program, is liable for the officers' actions under Section 1983.

The District's motion to dismiss must be granted, as Mr. Paul fails to allege sufficient facts to state a claim under Section 1983. To pursue municipal liability under Section 1983, a plaintiff must sufficiently plead that the alleged constitutional violations were caused by a District policy or custom. Chen v. Monk, 701 F. Supp. 2d at 37. But Mr. Paul does not offer anything more than conclusory statements that the alleged discrimination he suffered was caused by a policy, practice, or custom of the District. He merely states that the arresting officers acted "under the influence of orders or instructions from higher authority delegated by defendant to carry out a [discriminatory] program." Compl. at 1. While Mr. Paul's allegations regarding his arrest might be sufficient to hold the individual officers liable, there is not enough to hold the District liable because he has not pled sufficient facts to show that the officers' actions were animated by a District of Columbia policy or custom. Merely stating that certain actions constitute a municipality's "official policy," without more, is not enough to survive a motion to dismiss because "[t]hese are the kind of 'naked assertions' which both Iqbal . . . and Twombly . . . have firmly rejected." Harris v. District of Columbia, 696 F. Supp. 2d at 129; see also id. ("Plaintiff has failed to include any allegations whatsoever demonstrating how the individual actions cited in his Complaint constitute 'the official policy' of the District of Columbia."); Atchinson v. District of Columbia, 73 F.3d 418, 422 (D.C. Cir. 1996) ("[A] section 1983 complaint alleging municipal liability must include some factual basis for the allegation of a municipal policy or custom."). Like the plaintiff in Harris, Mr. Paul has not alleged facts sufficient to yield a reasonable inference that the officers' actions were taken pursuant to any District policy or custom. See Monell v. Dep't of Social Servs., 436 U.S. at 694; Warren v. District of Columbia, 353 F.3d at 39.

Furthermore, a policy or custom "must be pervasive to support municipal liability." Tabb v. District of Columbia, 605 F. Supp. 2d at 96 (citing Carter v. District of Columbia, 795 F.2d 116, 123-24 (D.C. Cir. 1986)). The single incident alleged by Mr. Paul, standing alone, does not support an inference of a pervasive policy. See id. ("The Court finds that the one incident of alleged retaliation against plaintiff does not qualify as pervasive."). Mr. Paul has thus failed to state a claim against the District of Columbia under 42 U.S.C. § 1983, and the District's motion to dismiss therefore must be granted.

*C. Remaining Motions*

Also pending are Mr. Paul's motion to restore entry and his motion for default, along with the District's motion to strike Mr. Paul's surreply.

In his motion to restore entry, Mr. Paul requests that the Court consider, along with his response to the District's motion to dismiss, an addendum which he believes was accidentally deleted from the response he originally filed on December 20, 2010. The Court will grant this motion.

In his motion for default, Mr. Paul argues that pursuant to the doctrine of exhaustion, the District was required to make a factual record for judicial consideration before filing its motion to dismiss and that this failure entitles him to default. MD at 1-2. Mr. Paul is wrong. The District is under no duty to "crystalliz[e] the issues on the record," id., before filing its motion to dismiss. The Court will deny Mr. Paul's motion for default.

The District moves to strike Mr. Paul's surreply because it was filed without the requisite authorization by this Court. MTS at 2-3. Because the Court will dismiss this case on

the merits, the District's motion will be denied as moot.

## III.  CONCLUSION

For the foregoing reasons, the Court will grant the District's motion to dismiss. The Court will also grant Mr. Paul's motion to restore entry, deny Mr. Paul's motion for default, and deny as moot the District's motion to strike.

An Order consistent with this Memorandum Opinion shall be issued this same day.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  September 30, 2011