UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR - 6 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

|  |  |
|---|---|
| WILLIAM D. PAUL, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 10-1671 (PLF) |
| DISTRICT OF COLUMBIA, ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff William D. Paul brought a *pro se* action against the District of Columbia, seeking damages for an incident in which he allegedly was searched, detained, and deprived of his property by two officers of the Metropolitan Police Department in violation of his Fourth and Fourteenth Amendment rights. The Court granted the District of Columbia's motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Paul v. District of Columbia, 815 F. Supp. 2d 193 (D.D.C. 2011). Mr. Paul subsequently filed a Motion for Relief from Order Due to Omissions ("Mot. for Relief") [Dkt. No. 20], seeking relief under Rule 60(b)(6), and a Motion to Alter or Amend the Memorandum Opinion ("Mot. to Alter or Amend") [Dkt. No. 21], seeking relief under Rule 59(e). The Court will deny both motions.

"A motion to alter or amend judgment under Rule 59(e) is discretionary with the court and need not be granted unless the Court finds that there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent

manifest injustice.'" MDB Communications, Inc. v. Hartford Cas. Ins. Co., 531 F. Supp. 2d 75, 79 (D.D.C. 2008) (quoting Ciralsky v. Central Intelligence Agency, 355 F.3d 661, 671 (D.C. Cir. 2004)). Such motions are "not to be used to relitigate matters already argued and disposed of; they are intended to permit the court to correct errors of fact appearing on the face of the record, or errors of law." Id. (quoting Independent Petroleum Ass'n of America v. Babbitt, 178 F.R.D. 323, 324 (D.D.C. 1998)). "'[T]he standards that govern Rule 60(b) are even more restrictive.'" Duma v. Unum Provident, 770 F. Supp. 2d 308, 315 n.6 (D.D.C. 2011) (quoting Taitz v. Obama, 754 F. Supp. 2d 57, 58 (D.D.C. 2010)). "The Supreme Court has noted that courts should grant Rule 60(b)(6) motions only in 'extraordinary circumstances.'" Kramer v. Gates, 481 F.3d 788, 791 (D.C. Cir. 2007) (quoting Ackermann v. United States, 340 U.S. 193, 199 (1950)).

In his Motion for Relief from Order Due to Omissions, Mr. Paul appears to take issue with the fact that certain statements in his complaint and exhibits were not cited by the Court in its Memorandum Opinion dismissing his case. See Mot. for Relief at 1-2. Mr. Paul seems to infer from these omissions that the Court did not consider those statements in reaching its conclusion. See id. at 2 ("Thus, all the factual allegations contained in the complaint might not have been taken as true like they were intended to be."). The Court, however, considered the entirety of Mr. Paul's complaint and its exhibits in concluding that the complaint failed to state a viable claim. Mr. Paul's motion offers no reason to question that conclusion, nor does it show that Mr. Paul is entitled to relief of any kind from the Court's Order granting the District of Columbia's motion to dismiss.

Mr. Paul's Motion to Alter or Amend the Memorandum Opinion similarly asks

the Court "to consider altering or amending the facts in its Memorandum Opinion" in order to make reference to certain statements in his complaint and its exhibits that were not cited in the Memorandum Opinion. See Mot. to Alter or Amend at 1-5. Like Mr. Paul's first motion, this motion provides no grounds for the Court to reconsider its conclusion or alter its Memorandum Opinion.

Mr. Paul's two motions also raise other objections to the Court's Memorandum Opinion; none of these objections has merit. Both motions therefore will be denied.

Accordingly, it is hereby

ORDERED that the Motion for Relief from Order Due to Omissions [Dkt. No. 20] is DENIED; and it is

FURTHER ORDERED that the Motion to Alter or Amend the Memorandum Opinion [Dkt. No. 21] is DENIED.

SO ORDERED.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 4/6/12